UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VIRGINIA LAZZU,

          Plaintiff,          Case No. 1:22-cv-253

v.                                    Hon. Janet T. Neff

BERKSHIRE HATHAWAY DIRECT
INSURANCE COMPANY,

          Defendant.
_____/

**REPORT AND RECOMMENDATION**

This matter is now before the Court on plaintiff(s)' complaint, plaintiff(s)' motion for leave to file an amended complaint (ECF No. 7), and plaintiff(s)' motion to appoint counsel (ECF No. 8).

    **I.**    **Plaintiff(s)' complaint**

Virginia Lazzu filed a *pro se* complaint which purports to be brought by "Virginia Lazzu, IDTA, LLC" against Berkshire Hathaway Direct Insurance Company. *See* Compl. (ECF No. 1, PageID.1). Lazzu brought this action pursuant to the Court's diversity jurisdiction, 28 U.S.C. § 1332. *Id*. at PageID.3. In this regard, the plaintiff(s) are identified as "Virginia Lazzu, IDTA, LLC", with a street address of "P.O. Box 97, Bigelow - Nobles County, Minnesota 56117", a telephone number with a Minnesota area code, and Lazzu's e-mail address. Compl. at PageID.1. Lazzu alleged that that IDTA, LLC "is incorporated under the laws of the State of Michigan, and has its principal place of business in the State of Michigan," and that defendant "is incorporated under the laws of the State of Connecticut" with its principal place of business in Connecticut. *Id.*

at PageID.1-4.  In her application to proceed *in forma pauperis*, Lazzu identified herself as the "petitioner/plaintiff/movant" and set out her financial information.  *See* Application (ECF No. 2).

In the complaint, "Plaintiff Lazzu of IDTA, LLC" alleged that defendant is liable on a breach of contract claim based on the following facts:  that on February 6, 2021, Remona Lysa Brown's 2013 Nissan Sentra was stolen and reported to the Lansing, Michigan, Police Department; that on February 26, 2021, Ms. Brown (not a party to this lawsuit) contacted the Lansing Police Department about a burglary at IDTA, LLC's place of business in Lansing; that Lansing Police Officer Daniel Salinaz's report for Case No. 215901822 "listing [sic] the date of the burglary from February 5 and February 26"; that "Plaintiff Lazzu of IDTA LLC, states that there was in fact a contract between the parties";  that "Plaintiff Lazzu of IDTA LLC, asserts that the Defendant Berkshire Hathaway Insurance Company breached the contract when on December 30, 2021, they denied Plaintiff's Insurance Claim of loss of property"; and that "Plaintiff Lazzu of IDTA, LLC, states that due to the burglary at IDTA's place of business, thus, [sic] have suffered damages as the result of Defendant's breach of contract in the sum of $85,000.00, in which [sic] should be awarded to Plaintiff in accordance with Michigan law[.]"  *Id*. at PageID.4-6.

Documents attached to the complaint indicate that "IDTA, LLC" was the policy holder, with a date of loss of February 26, 2021.  *See* Letter from Defendant to IDYA, LLC (Aug. 19, 2021) (ECF No. 1-1).  One letter is addressed directly to IDTA, LLC, at 930 E Mount Hope Ave, Lansing, MI 48910-3262.  *Id*. at PageID.11.  A second letter with respect to the insurance claim is addressed to Virginia Lazzu, IDTA, LLC, P.O. Box 97, Bigelow, MN 56117.  *See* Letter from Defendant to Virginia Lazzu, IDTA, LLC (Dec. 30, 2021) (ECF No. 1-2, PageID.16).

### II.     Plaintiff(s)' motions

It is unclear whether this lawsuit is being brought by *pro se* Virginia Luzza, the entity IDTA, LLC, or both of them.  In identifying the basis for diversity jurisdiction, Lazzu did not identify herself as an individual plaintiff.  Rather, Lazzu identified only a corporate plaintiff, *i.e.*, "The plaintiff, IDTA, LLC".  *Id*. at PageID.3.  Title 28 U.S.C. § 1654 states that, "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."  However, § 1654 "does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney."  *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993).  Because a limited liability company or LLC is a hybrid of the partnership and corporate forms, it may appear in federal court only through a licensed attorney.  *See DeYoung v. Lee Trading & Investment PTE, Ltd.*, No. 1:20-cv-549, 2020 WL 8186265 at *1 (W.D. Mich. Oct. 23, 2020).

In an order entered on March 29, 2022, the Court directed Lazzu to file an amended complaint to clarify the allegations in this lawsuit advising her that:

> Virginia Luzza, an individual, can represent herself as a plaintiff.  However, Ms. Luzza cannot represent the entity IDTA, LLC, unless she is a licensed attorney admitted to practice in the United States District Court for the Western District of Michigan.  The Court records do not indicate that Virginia Luzza is admitted to practice in this Court. In short, while Virginia Luzza can represent herself, the entity IDTA, LLC must be represented by an attorney.
>
> Accordingly, plaintiff(s) are **DIRECTED** to file an amended complaint which identifies each plaintiff and their respective claims by no later than **April 29, 2022**.  **If the entity IDTA, LLC, is named as a plaintiff in the amended complaint, then it must be represented by an attorney**.

Order (ECF No. 6) (emphasis in original).

Plaintiff(s) failed to file an amended complaint as directed in the order.  Instead, it appears that Lazzu, acting *pro se*, filed a motion for leave to file an amended complaint (ECF No. 7) and a motion to appoint counsel for IDTA, LLC (ECF No. 8).  While the proposed amended complaint is signed by plaintiff "IDTA, LLC", the LLC is not a person and cannot sign a motion or pleading.  The Court infers that Lazzu is responsible for the signatures based upon the fact that plaintiff(s)' address, telephone number, and e-mail address belong to Lazzu.  *See* Amend. Compl. (ECF No. 7-1, PageID.36).  The *pro se* motions filed on behalf of IDTA, LLC, include Lazzu's post office box.  *See* PageID.33, 57.  Assuming that Lazzu acted on behalf of IDTA, LLC, she changed the plaintiff in the amended complaint from "Virginia Lazzu" to "IDTA, LLC."  *See* Motions (ECF Nos. 7 and 8); Proposed Amend. Compl. (ECF No. 7-1).  In addition, the motions for leave to amend and to appoint counsel are brought by "IDTA, LLC, Proceeding Pro Se Plaintiff."  *See* PageID.31, 55.

Based on this record, Lazzu ignored the Court's directive that the entity, IDTA, LLC, must be represented by an attorney in the amended complaint.  Lazzu cannot circumvent this requirement by filing a complaint on behalf of *pro se* plaintiff IDTA, LLC, and then asking the Court to appoint an attorney to represent IDTA, LLC.  Furthermore, Lazzu's request that the Court appoint counsel for IDTA, LLC, is meritless.  "[T]here is no authority allowing this court to appoint counsel for a corporation in a civil matter."  *WB Music Corp. v. Port City Cruise Line, Inc.*, No. 1:09-cv-742, 2009 WL 3066663 at *2 (Order) (W.D. Mich. Sept. 22, 2009).  This same rule applies to IDTA, LLC, which is a hybrid of the partnership and corporate forms.  Accordingly, plaintiff(s)' motion for leave to file an amended complaint (ECF No. 7) and plaintiff(s)' motion appoint counsel (ECF No. 8) should be denied.

### III. Plaintiff(s)' complaint is deficient

The Court allowed Lazzu to file this action *in forma pauperis* pursuant to 28 U.S.C. § 1915. *See* Order (ECF No. 4). For that reason, it must review the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), which provides that the Court "shall dismiss" actions brought *in forma pauperis* "at any time if the court determines that . . . the action . . . (ii) fails to state a claim on which relief may be granted[.]" In determining whether a complaint should be dismissed for failure to state a claim under § 1915(e)(2), the Court applies the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007). *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

A complaint may be dismissed for failure to state a claim if it fails to give the defendants a fair notice of the claim and the grounds upon which it rests. *Twombly*, 550 U.S. at 555.

> [A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Iqbal*, 556 U.S. at 678 (internal citations and quotation marks omitted).

In making this determination, the complaint must be construed in the light most favorable to the plaintiff, and its well-pleaded facts must be accepted as true. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). It is well-established that this Court has a duty to read a *pro se* plaintiff's complaint indulgently. *See Haines v. Kerner*, 404 U.S. 519 (1972). However, while *pro se* pleadings are to be liberally construed, *see Williams v. Curtin*, 631 F.3d

380, 383 (6th Cir. 2011), "this court is not required to conjure up unpled allegations," *Dietz v. Sanders*, 100 Fed. Appx. 334, 338 (6th Cir. 2004). Thus, "an unadorned, the - defendant - unlawfully - harmed - me accusation" is insufficient to state a claim for relief. *Iqbal*, 556 U.S. at 678.

The complaint filed in this action (ECF No. 1) appears to be brought by a *pro se* individual (Lazzu) on behalf of herself, IDTA, LLC, or both, for damages which may have been incurred by non-party Remona Lysa Brown when her 2013 Nissan Sentra was allegedly stolen on February 5, 2021, and when a burglary occurred at IDTA, LLC, between February 5 and February 26, 2021. Plaintiff(s) allege that defendant breached an insurance contract in the amount of $85,000.00. This cursory claim, which, among other things, does not address how an alleged loss by non-party Remona Lysa Brown fits into the alleged breach of contract, consists of little more than "an unadorned, the - defendant - unlawfully - harmed - me accusation" which is insufficient to state a claim for relief. *Iqbal*, 556 U.S. at 678. Furthermore, as discussed, *supra*, the Court advised Lazzu that she cannot bring such an action on behalf of IDTA, LLC, and that the LLC must be represented by an attorney. Lazzu failed to amend the complaint as directed by the Court, and neither Lazzu nor IDTA, LLC, retained counsel to file an amended complaint on its behalf. For these reasons, plaintiff(s)' complaint (ECF No. 1), fails to state a claim upon which relief can be granted. Accordingly, the complaint should be dismissed.

## IV.   Recommendation

For the reasons set forth above, I respectfully recommend that plaintiff(s)' motion for leave to file an amended complaint (ECF No. 7) and motion to appoint counsel (ECF No. 8) be **DENIED**.

      I further recommend that this action be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).


Dated:  May 20, 2022                      /s/ Ray Kent
                                                RAY KENT
                                                United States Magistrate Judge


**ANY OBJECTIONS** to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).